**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X    __-CV-_____

BIBI HASSAN,

                        Plaintiff,        **COMPLAINT**

    - against -

BOWERY RESIDENTS' COMMITTEE, INC.        **PLAINTIFF DEMANDS**
                                                                           **A TRIAL BY JURY**

                        Defendant.
------------------------------------------------------------------X

The Plaintiff, Bibi Hassan, by her attorneys, Phillips & Associates, Attorneys at Law, PLLC, hereby complains of the Defendant, Bowery Residents' Committee, Inc., and alleges as follows:

## NATURE OF THE CASE

1. Plaintiff brings claims for discrimination in employment based on sex and religion and for retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.* and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 *et. seq*. The Plaintiff, an overnight security counselor for Defendant, was subjected to discriminatory and harassing insults by her co-workers. When Plaintiff complained of this treatment, she was terminated. By this action, the Plaintiff demands all remedies available in law and equity, including but not limited to reinstatement, back pay, front pay, compensatory damages, punitive damages, and attorney's fees and costs. The Plaintiff demands a trial by jury.

## PARTIES

2. Plaintiff **Bibi Hassan** is a citizen of New York and resides in South Richmond Hills, New York. Ms. Hassan identifies as Muslim.

3.     Defendant **Bowery Residents Committee, Inc.** ("BRC") is a New York corporation with headquarters located at 131 West 25th Street, 12th Floor, New York, New York 10001.

## JURISDICTION AND VENUE

4.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this action arises under the laws of the United States.

5.     This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

6.     This Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because the Plaintiff's federal and state law claims derive from a common nucleus of operative facts and form part of the same case or controversy under Article III of the U.S. Constitution.

## PROCEDURAL PREREQUISITES

7.     Plaintiff filed charges of discrimination upon which this complaint is based with the Equal Employment Opportunity Commission ("EEOC").

8.     Plaintiff received a Notice of Right to Sue from the EEOC, dated December 13, 2017, on December 18, 2017, with respect to the herein charges of discrimination.

9.     This Action is being commenced within 90 days of receipt of the Notice of Right to Sue.

## FACTUAL ALLEGATIONS

10.    Ms. Hassan began working for BRC on or about November 18, 2015. Her title was "overnight security counselor". Ms. Hassan worked full-time, and was paid $16/hr.

11. BRC provides housing services for the homeless, mental health services, substance abuse treatment, and other community services.

12. Ms. Hassan worked at BRC's "Fulton House" location located at 127 West 25th Street, New York, NY 10001.

13. As an overnight security counselor, Ms. Hassan's job duties consisted of assisting with the needs of the residents of BRC, including maintaining their safety, monitoring medication, serving breakfast, and encouraging proper hygiene.

14. Ms. Hassan performed all of her job duties satisfactorily. For the first year of her employment, Ms. Hassan received no criticisms of her work, nor any complaints about her interactions with residents.

15. In or about the spring of 2016, a number of Ms. Hassan's co-workers, including Kristy Martinez and Christina Rivera, demanded that Ms. Hassan join them in a "scheme" they had concocted whereby the employees would sign-in at work for each other when they weren't actually at work so as to receive pay for time not spent working. Ms. Hassan refused to participate in this practice.

16. After refusing Ms. Martinez's demand, Ms. Martinez began to consistently harass Ms. Hassan in the workplace. Ms. Martinez would call Ms. Hassan a "bitch" nearly every time that she saw her. Ms. Martinez would also call Ms. Hassan a "skinny bitch." These comments made Ms. Hassan feel degraded and humiliated as a female.

17. Another BRC employee, Tessa Blue, also began to call Ms. Hassan "Coolie Muslim Bitch", and "Taliban". Ms. Blue would also state, "I am not muslim, they pray with their ass in the air and their head against the floor." Ms. Martinez, who was present when Ms. Blue made this comment, laughed at Ms. Hassan.

18. Adela Rayside, another overnight security counselor present, heard the comment and told Tessa to watch the discrimination.

19. On or about November 14, 2016, Ms. Martinez stated to Ms. Hassan "Don't talk to me bitch". That day Ms. Martinez approached Ilya Lopez, a Director at BRC and Ms. Hassan's supervisor, and falsely alleged that Ms. Hassan had abandoned her position.

20. That same day, Ms. Lopez confronted Ms. Hassan regarding Ms. Martinez's allegation. Ms. Hassan explained the harassment that she had been subjected to by Ms. Martinez and Ms. Blue, and stated that the allegation was further discrimination by her co-workers. Ms. Hassan explained to Ms. Lopez that if Ms. Lopez checked the time logs and viewed the CCTV footage, she would clearly see that Ms. Martinez was lying and that Ms. Hassan never abandoned her position.

21. Upon information and belief, Ms. Martinez was made aware of Ms. Hassan's complaint to Ms. Lopez.

22. The very nexy day, November 15, 2016, a resident whom Ms. Martinez was the case manager for made a complaint against Ms. Hassan. This particular resident had made numerous prior complaints against other staff in the past. However, this resident had made no prior complaints against Ms. Hassan until the day after Ms. Hassan complained of discrimination.

23. Upon information and belief, Ms. Martinez, as the resident's case manager, coaxed the patient into making a complaint againt Ms. Hassan.

24. Ms. Lopez then spoke with Ms. Rayside, and Ms. Rayside told Ms. Lopez about Ms. Martinez and Ms. Blue's discrimination against Ms. Hassan.

25. Upon information and belief, all of the staff members that Ms. Lopez spoke to regarding Ms. Martinez's allegations against Ms. Hassan told Ms. Lopez the allegations were not true.

26. Despite learning of the harassment by Ms. Hassan's co-workers against Ms. Hassan, and despite the fact that the complaining resident had a long history of bogus complaints against other staff, Ms. Hassan alone was suspended from her position by Ms. Lopez on December 2, 2016.

27. On December 7, 2016, Ms. Hassan reached out by email to "Jackie", a Human Resources employee for BRC. Ms. Hassan stated to Jackie that she felt the investigation by Ms. Lopez was biased, and further complained about discrimination from her co-workers.

28. Upon information and belief, Ms. Martinez and Ms. Lopez are both Hispanic. Ms. Lopez consistently treated her Hispanic employees more favorably than she did her non-Hispanic employees.

29. Jackie responded to Ms. Hassan by telling her to reach out to either Debbie Alpert or Sadiqa Khan, who were both BRC human resource employees. Ms. Hassan spoke to Ms. Kahn, who stated that she was not aware of any investigation, but that she would make note of it and speak to Ms. Alpert when Ms. Alpert came back to the office.

30. Ms. Hassan then spoke with Ms. Alpert a few days later. Ms. Alpert stated to Ms. Hassan that BRC was waiting for the justice center to make a determination regarding the resident complaint against her before BRC would make a decision regarding Ms. Hassan's suspension.

31. However, Ms. Hassan was subsequently terminated by BRC on December 29, 2016, months before the justice center would make their determination.

32. After Ms. Hassan's termination, her union asked BRC for their investigation documents regarding the resident complaint against Ms. Hassan. BRC only had the alleged complaint, and they had zero documents regarding any investigation into the allegations.

33. Ms. Hassan was discriminated against on the basis of her gender and religion.

34. Ms. Hassan was terminated in retaliation for her good faith complaints of discrimination.

## FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

35. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

36. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e *et seq.*, for relief based upon the unlawful employment practices of the Defendant. Plaintiff complains of Defendant's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender and religion.

37. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of her gender and religion.

## SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER TITLE VII

38. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

39. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by

this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

40. Defendant engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e *et seq.* by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendant.

### THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

41. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

42. New York City Administrative Code §8-107(1) provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

43. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of her gender and religion.

### FOURTH CAUSE OF ACTION FOR RETALIATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

44. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

45. The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person

has opposed any practices forbidden under this chapter. . ."

46. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(7) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Defendant.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Bibi Hassan hereby demands a trial by jury as to all issues triable by jury in the above-captioned civil action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964 and the New York City Administrative Code § 8-107;

B. Awarding Plaintiff damages for all lost wages and benefits, past and future, back pay and front pay, resulting from Defendant's unlawful employment practices and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation in an amount in excess of the jurisdiction of all lower courts;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just

and proper to remedy the Defendant's unlawful employment practices.

Dated: New York, New York
       March 2, 2018

                                                        Respectfully submitted,

                                                        _____/s/DSS_____
                                                   David S. Schwartz (DS5982)
                                                 Phillips & Associates
                                                 Attorneys at Law, PLLC
                                                 45 Broadway, Suite 620
                                                 New York, NY 10006
                                                 Tel: (212) 248-7431
                                                 Fax: (212) 901-2107
                                                 Dschwartz@tpglaws.com